| | |
|---|---|
| STEPHEN MCCULLAH, ASHLEY MCCULLAH,<br>          Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC d/b/a YOUTUBE,<br>          Defendant. | Civil Action No.: _____<br><br>**Removed From:**<br><br>The 31st Judicial Circuit of Greene County, Missouri, Circuit Civil Division.<br><br>Case No.: 2631-CC00590 |

### DEFENDANT GOOGLE LLC'S NOTICE OF REMOVAL

Defendant Google LLC ("*Google*") hereby removes this action from the 31st Judicial Circuit of Greene County, Missouri, Circuit Civil Division ("*State Court*") to the United States District Court for the Western District of Missouri, on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a), and 1446. The grounds for removal are as follows:

### Introduction

1.  This case concerns videos critical of or otherwise concerning Plaintiffs Stephen and Ashley McCullah ("*Plaintiffs*") that one or more third-parties created and posted on Google's YouTube interactive computer service. Plaintiffs allege that Danny De Hek, a content creator in New Zealand, posted videos accusing Stephen McCullah of perpetrating scams and suggesting that viewers could go to Ashley McCullah's salon and home to seek information about the alleged scam.

2.  Stephen McCullah's lawsuit against De Hek and his company in New Zealand failed, resulting in a judgment against Mr. McCullah for $27,500 in costs to De Hek. Now Plaintiffs sue Google for not banning De Hek from YouTube, and not removing De Hek's videos from YouTube, and links to them from Google search engine results. Plaintiffs seek monetary damages,

along with declaratory and injunctive relief attempting to control Google's operation of its online platforms and its content moderation thereof.

3.      Removal is proper here because the parties are diverse and the amount in controversy—measured by reference to Plaintiff's alleged damages and the injunctive relief they seek—is over $75,000.

**Background**

4.      Plaintiffs Stephen McCullah and Ashley McCullah filed their Petition for Injunctive Relief and Damages (the "*Petition*") in the 31st Judicial Circuit of Greene County, Missouri, Circuit Civil Division on May 13, 2026, and the action is currently pending as Case No. 2631-CC00590 (the "*State Court Action*"). In accordance with 28 U.S.C. § 1446(a), a copy of the Petition is attached as **Exhibit A**, and copies of all other papers docketed in the State Court Action, along with the case docket from the State Court, are attached as **Composite Exhibit B**.

5.      The Petition purports to assert claims against Google for breach of contract and promissory estoppel (alleging they are third-party beneficiaries under Google's Terms of Service for YouTube), negligent undertaking, and extensive declaratory and injunctive relief. Ex. A, Compl. ¶¶ 41–73 (Counts I–IV). Plaintiffs claim damages "believed to exceed $25,000", including for "emotional distress, loss of privacy, disruption to personal and business affairs, safety concerns, reputational harm, [and] expenses associated with investigating and responding to the doxxing conduct." *Id.* ¶¶ 9, 34. The $25,000 damages floor alleged is the jurisdictional minimum for the Circuit Court[1], and Plaintiffs are not permitted to allege any dollar amount of damages beyond this figure under Missouri law. RSMo. § 509.050.1(2).

---

[1] *See* Civil Division, *Greene County Circuit Clerk, Missouri's 31st Judicial Circuit*, https://www.greenecountycourts.org/civil-1.

6. The Petition also seeks a declaration that the videos "violate the applicable YouTube anti-doxxing, harassment, and privacy policies and that Google's failure to act after actual notice violates Google's obligations to Plaintiffs." *Id.* ¶ 69. Plaintiffs also seek an injunction forcing Google to take the following unprecedented actions despite Google's immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)&(e):

- "[R]emove, disable, restrict, or otherwise prevent public access to" the videos and "related platform materials concerning Plaintiffs."

- "[D]elete, terminate, or suspend" De Hek's YouTube channel.

- "[P]rohibit De Hek from using YouTube to upload or publish additional videos about Plaintiffs" that reveal private information.

- "[D]e-index, de-link, suppress, or otherwise prevent from appearing in Google Search results, the subject YouTube videos, related websites, and De Hek-created materials about Plaintiffs that disclose or direct users to private location information or perpetuate the doxxing and harassment campaign."

- "[P]reserve relevant evidence, including videos, descriptions, metadata, reports, internal review records, takedown communications, monetization records[.]"

Ex. A, Compl. ¶¶ 70–71.

7. No substantive proceedings have taken place in the State Court Action. *See generally* Ex. B.

8. At least Mr. McCullah has previously sought legal relief directly against De Hek, bringing the lawsuit *Stephen Andrew James McCullah vs. Danny James De Hek and Danny De Hek Limited*, High Court of New Zealand, Christchurch Registry, CIV-2023-409-97 (the "***New Zealand Action***"). A Judgment issued against Mr. McCullah on August 17, 2023, a copy of which

is attached as **Exhibit C**. Mr. McCullah brought defamation claims against De Hek for his YouTube videos critical of Mr. McCullah, and sought compensatory damages of $500,000 and injunctive relief for each of his seven causes of action asserted, plus exemplary damages of $100,000 and $150,000 on two of those claims. Ex. C, ¶¶ 2-3.[2] After Mr. McCullah voluntarily dismissed his claims, the High Court of New Zealand awarded De Hek $27,500 in costs for defending the suit. *Id.* ¶¶ 23-25, 43.

### Removal Pursuant To Diversity Jurisdiction

9. Google removes this action to the United States District Court for the Western District of Missouri, pursuant to § 1441, on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse as citizens of different states (Missouri versus Delaware/California), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Plaintiffs Stephen and Ashley McCullah are citizens of Missouri. As alleged in their Petition, both Plaintiffs reside in Missouri, work and have their businesses or place of employment in Missouri, and suffered the alleged harm in Missouri. Ex. A, Compl. ¶¶ 4–5, 10-11.

12. Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google LLC's sole member is XXVI Holdings, Inc., a Delaware corporation with its principal place of business at

---

[2] The Judgment entered by the High Court of New Zealand explains that De Hek and his company "filed statements of defence and pleaded affirmative defences," "applied for security for costs," and sought a stay until Mr. McCullah paid that security and that Mr. McCullah voluntarily dismissed his lawsuit against the De Hek defendants on the morning of the June 22, 2023 hearing on the security costs motion. *Id.* ¶ 5.

1600 Amphitheatre Parkway, Mountain View, California 94043. Ex. A, Compl. ¶ 6; Cal. & Del. Sec. of State records for Google and XXVI Holdings, attached as **Exhibit D**.

13. The amount-in-controversy requirement is met if "a fact finder could legally conclude … that the damages that [Plaintiffs] suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Because the Petition "does 'not allege a specific amount in controversy,'" the Court must determine "'the value of the relief the plaintiff seeks,'" *Tuggle v. Essential Info. Inc.*, 2026 WL 796780, at *3 (E.D. Mo. Mar. 23, 2026) (citation modified) (quoting *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011)), relying on "reasonable deductions, reasonable inferences, or other reasonable extrapolations," *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (int. quot. & cit. omit.). This amount must be measured by the value to the plaintiff. *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018-19 (8th Cir. 2010). The Court must aggregate the value of the relief sought in each of the plaintiff's claims. *Turntine v. Peterson*, 959 F.3d 873, 880 n.1 (8th Cir. 2020). Here, that means adding the value of the damages sought under Counts I to III with the value of the declaratory and injunctive relief sought in Count IV, as applied to the alleged harm suffered by each Plaintiff.[3]

14. Here, each Plaintiff's plea for damages, standing alone, satisfies the amount in controversy requirement. When damages are pleaded in excess of a minimum amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Turntine*, 959 F.3d at 880. Thus, district courts in the Eighth Circuit have found the amount-in-controversy requirement satisfied where, as here, the plaintiff simply pleaded damages in excess of the state jurisdictional minimum. *See Tuggle*,

---

[3] Although multiple plaintiffs may not aggregate their alleged damages to meet the jurisdictional threshold, *see Snyder v. Harris*, 394 U.S. 332, 336 (1969), Plaintiffs here have brought identical claims. Leaving aside whether this manner of pleading is effective on the merits, each Plaintiff has alleged an identical amount of damages for purposes of the amount in controversy.

2026 WL 796780, at *3 (finding amount-in-controversy requirement satisfied where plaintiff simply alleged damages in excess of Missouri state courts' $25,000 jurisdictional minimum); *see also, e.g.*, *Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1062 (D. Minn. 2008) (same for Minnesota state courts' $50,000 jurisdictional minimum).

15.     Plaintiffs allege they are victims of a third-party's "targeted doxxing and harassment campaign," including through De Hek's published criticisms of "Stephen McCullah and his business" and publication of Ashley McCullah's "workplace and personal location information" including her residence, with De Hek's content also "encourag[ing] viewers to physically confront or pressure" Ms. McCullah at those locations—which Plaintiffs allege exposes them "to abusive attention, harassment, intimidation, stalking, unwanted contact, physical confrontation, reputational harm, emotional distress, and safety risks." Ex. A, Compl. ¶¶ 5, 16-17, 20, 26, 38. Plaintiffs claim they have each suffered "fear, emotional distress, loss of privacy, disruption to personal and business affairs, safety concerns, reputational harm, and expenses associated with investigating and responding to doxxing conduct." *Id.* ¶ 34. Under Missouri law, because "[d]amages for mental anguish cannot be precisely measured, … the determination of the amount thereof is primarily an issue for the jury." *Owen v. Owen*, 642 S.W.2d 410, 415 (Mo. App. S.D. 1982); *see also Nelson v. R. H. Macy & Co.*, 434 S.W.2d 767, 774 (Mo. App. W.D. 1968).

16.     While Google disputes that Plaintiffs have suffered any harm attributable to Google or for which Google could be held liable, for purposes of diversity jurisdiction the emotional and reputational damages allegedly suffered by each Plaintiff from De Hek's alleged doxxing and harassment campaign satisfy the amount in controversy requirement when viewed from each respective Plaintiff's perspective as Eighth Circuit precedent requires.

6

17. Furthermore, Mr. McCullah's prior New Zealand Action against De Hek confirms that Plaintiffs value the harm they have allegedly suffered above the jurisdictional amount in controversy. In the New Zealand Action, Mr. McCullah sought at least $3.5 million in New Zealand dollars, the equivalent of approximately $2.04 million U.S. dollars ($500,000 for each of seven counts of defamation, excluding exemplary damages, costs and interest). Ex. C, ¶ 3. The New Zealand Action reflects many of the same alleged emotional and reputational harms Plaintiffs assert in this action from the same conduct and videos of De Hek.

18. Finally, in addition to Plaintiffs' alleged past emotional harm, their additional plea for forward-looking injunctive relief further confirms the amount in controversy is met here. Plaintiffs seek a broad injunction to force Google to take a wide array of actions intended to prevent further instances of the alleged third-party harassment or doxxing. *See supra*, ¶ 6. Plaintiffs allege that this relief is needed "because private-location disclosures, search-indexed doxxing materials, and instructions to physically confront or follow a person create ongoing privacy and safety harms." Ex. A, Compl. ¶ 73. While Google asserts that such relief is not permissible and would violate federal law, for purposes of determining diversity jurisdiction, it is a reasonable extrapolation that the value of avoiding these alleged ongoing harms for the rest of Plaintiffs' lives exceeds the damages they allege to have already sustained.

19. Accordingly, the Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), and Google may remove this action to this Court pursuant to 28 U.S.C. § 1441.

### Timeliness of Removal and Deadline to Respond to Complaint

20. This action was commenced in the State Court on May 13, 2026. *See* Ex. A, Compl. Google was not served until June 30, 2026. *See* Ex. B at Tab 6.

21.     This Notice of Removal is timely because it is filed within thirty (30) days after Google was served with the Summons and Petition (*i.e.*, on or before July 30, 2026). 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

22.     Google has not filed a responsive pleading nor any substantive motion in the State Court Action.

23.     Google's initial deadline to respond to the Petition in this Court shall run for seven (7) days from the removal of this action, through and including August 6, 2026, unless otherwise extended by agreement of the parties or by the Court. Fed. R. Civ. P. 81(c)(2)(C).

### Venue and Miscellaneous Issues

24.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Missouri is the proper venue for purposes of removing this action. The State Court Action was filed in the 31st Judicial Circuit of Greene County, Missouri, Circuit Civil Division, and that forum is embraced by this federal district.

25.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly upon Plaintiffs (via their counsel in the State Court Action) and will be promptly filed with the 31st Judicial Circuit of Greene County, Missouri, Circuit Civil Division.

26.     Google does not waive any defenses, counterclaims, rights to transfer, or any other rights that may be available to Google.

WHEREFORE, Defendant Google LLC gives notice that the State Court Action pending in the 31st Judicial Circuit of Greene County, Missouri, Circuit Civil Division, has been removed from that court to this Court.

8

Respectfully submitted this 30th day of July, 2026.

/s/ Seth M. Reid
Jonathan B. Potts (Mo. Bar No. 64091)
Seth M. Reid (Mo. Bar No. 76198)
**BRYAN CAVE LEIGHTON PAISNER LLP**
211 N. Broadway, Suite 3600
St. Louis, Missouri, 63102
Tel: (314) 259-2000
Email: Jonathan.Potts@bclplaw.com
Email: Seth.Reid@bclplaw.com

*Attorneys for Google LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on July 30, 2026, a true and correct copy of the foregoing **Defendant Google LLC's Notice of Removal** was e-filed with the Court using the ECF System and was served on Plaintiff through their counsel of record in the State Court Action via U.S. Mail and email addressed as follows:

> Chad G. Mann
> The Law Office of Chad G. Mann
> 901 E. St. Louis Street, Suite 705
> Springfield, MO 65806
> law@chadgmann.com

*/s/ Seth M. Reid*
Seth M. Reid

*Attorneys for Google LLC*