# Exhibit A

# Petition

Electronically Filed - Greene - May 13, 2026 - 01:00 PM

**IN THE 31ST JUDICIAL CIRCUIT OF GREENE COUNTY, MISSOURI**
**CIRCUIT CIVIL DIVISION**

| | |
|---|---|
| STEPHEN MCCULLAH, and ASHLEY MCCULLAH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   Case No. |
| | ) |
| GOOGLE LLC d/b/a YOUTUBE, | ) ) |
| Defendant. | ) |

**PETITION FOR INJUNCTIVE RELIEF AND DAMAGES**

COME NOW Plaintiffs Stephen McCullah and Ashley McCullah (collectively, "Plaintiffs"), by and through undersigned counsel, and for their Petition for Injunctive Relief and Damages against Defendant Google LLC d/b/a YouTube ("Google"), state as follows:

NATURE OF THE ACTION

1. This case arises from Google's post-notice failure to remove, disable, de-index, de-link, or otherwise restrict access to YouTube videos, video descriptions, metadata, links, channel materials, playlist materials, and related Google Search results that disclose or direct viewers to private location information associated with Ashley McCullah, including her workplace and residential-location information, and that urge viewers to physically appear at or follow from that location for the purpose of pressuring, confronting, or harassing Plaintiffs.

2. Plaintiffs do not bring this action to suppress lawful criticism, commentary, opinion, or reporting about Stephen McCullah, Ashley McCullah, any business, any financial dispute, or any matter of public debate. Plaintiffs seek only targeted relief directed to private location information, doxxing, audience mobilization, and post-notice platform conduct that foreseeably increases the risk of physical confrontation and harassment.

1

3.      This action is directed to Google's own promises, policies, reporting systems, safety undertakings, post-notice administration of the YouTube platform, and Google-controlled indexing and search-result functions. Plaintiffs allege that Google created and operates safety policies and reporting procedures specifically designed to prevent doxxing and targeted harassment, received actual written notice of the violations at issue, and nevertheless failed to exercise ordinary care or act consistently with those undertakings.

PARTIES

4.      Plaintiff Stephen McCullah is an adult individual and resident of Greene County, Missouri.

5.      Plaintiff Ashley McCullah is an adult individual and resident of Greene County, Missouri. Ashley McCullah is Stephen McCullah's spouse and is not a public figure. The private-location information at issue includes information relating to her workplace and residential location.

6.      Defendant Google LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

7.      Google owns, operates, controls, administers, moderates, and monetizes the YouTube video-sharing platform, including the website and service commonly known as YouTube.

8.      At all relevant times, Google conducted continuous and systematic business in Missouri, provided YouTube services to Missouri residents, distributed YouTube videos to users in Greene County, Missouri, solicited and received advertising and data-related benefits from Missouri users, and purposefully availed itself of the Missouri market.

2

JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction because Plaintiffs seek equitable relief and damages in an amount within the jurisdiction of the Circuit Court and believed to exceed $25,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Google because Google transacts business in Missouri; contracts with, provides services to, and monetizes content viewed by Missouri residents; distributes the subject videos into Missouri; and caused or contributed to injuries suffered by Missouri residents in Greene County after actual notice of the risk.

11. Venue is proper in Greene County, Missouri because Plaintiffs reside in Greene County, Missouri; the workplace-location information at issue relates to Greene County, Missouri; the threatened physical confrontation and harassment were directed toward persons and places in Greene County, Missouri; and Plaintiffs suffered harm in Greene County, Missouri.

GENERAL ALLEGATIONS

12. Google publishes, incorporates, and enforces YouTube Terms of Service, Community Guidelines, harassment policies, cyberbullying policies, privacy policies, and doxxing-related policies governing content uploaded to YouTube and conduct by YouTube creators.

13. Upon information and belief, YouTube's policies prohibit posting an individual's non-public personally identifiable information, including a home address or similar private location information, for the purpose or effect of directing abusive attention, harassment, or traffic toward that person.

14. Upon information and belief, those policies apply not only to spoken words within uploaded videos, but also to video descriptions, metadata, external links, channel

3

materials, and verbal directions that send viewers to off-platform locations where private information is displayed.

15. Upon information and belief, YouTube creators, including Danny De Hek, agree to comply with YouTube's Terms of Service, Community Guidelines, and related platform policies as a condition of using, uploading content to, and receiving the benefits of the YouTube platform.

16. YouTube creator Danny De Hek has published multiple YouTube videos and related YouTube materials concerning Stephen McCullah, Ashley McCullah, and matters relating to Stephen McCullah and his businesses.

17. The subject content includes commentary and allegations about Stephen McCullah, but the actionable issue in this case is narrower: the content identifies or directs viewers to private location information associated with Ashley McCullah and encourages viewers to physically confront or pressure her at or through that location.

18. The subject content includes, without limitation, YouTube videos and related YouTube materials associated with the channel formerly or presently known as "Crypto Ponzi Scheme Avenger" and/or "Danny De Hek," including content available through or associated with the channel located at https://www.youtube.com/@DEHEK.

19. Representative video URLs identified in pre-suit materials include, without limitation, https://www.youtube.com/watch?v=uX-lIBslVU4&t=4070s and https://www.youtube.com/watch?v=AI5fGDPiBQ8&t=3051s, together with related descriptions, timestamps, channel materials, playlist materials, and linked off-platform materials.

20. At approximately 00:36:33 through 00:36:42 of one identified upload, De Hek states or indicates that viewers can go into the YouTube description to find the address of the

4

salon where Ashley McCullah works and suggests that viewers go there and ask her to retrieve or provide money from Stephen McCullah.

21. At approximately 00:04:51 through 00:05:05 of one identified upload, De Hek states or indicates that he can provide the address where Ashley McCullah lives and references that such information is available through his blog or linked off-platform materials.

22. At approximately 01:24:28 through 01:24:36 of one identified upload, De Hek instructs or encourages viewers to find Ashley McCullah's salon, go there, visit her, and ask her where Stephen McCullah is.

23. Additional pre-suit evidence identifies a pattern of conduct in which De Hek published or referenced Ashley McCullah's salon, used maps or street-view materials, referred viewers to location information, and suggested that viewers go to the salon, follow Ashley McCullah home, or use her location to locate or pressure Stephen McCullah.

24. The subject materials further include or reference allegations that Ashley McCullah used illegal funds to run her salon, that viewers could obtain money by going to her salon, and that viewers could locate Stephen McCullah by going to or following from that location.

25. The subject content is not confined to criticism of Stephen McCullah. It directs attention to Ashley McCullah, a non-public individual, and makes her workplace and personal location information a means of exerting pressure on Stephen McCullah.

26. The foreseeable result of such content is to expose Ashley McCullah and Stephen McCullah to abusive attention, harassment, intimidation, stalking, unwanted contact, physical confrontation, reputational harm, emotional distress, and safety risks.

27. On or about March 1-2, 2026, counsel for Stephen McCullah sent Google a formal written request for review and removal of the subject YouTube materials, addressed to Google LLC, Attn: Legal Support, 1600 Amphitheatre Parkway, Mountain View, California 94043.

28. The written request specifically informed Google that the subject content disclosed or directed viewers to Ashley McCullah's workplace address and residential-location information, encouraged viewers to physically visit her workplace, and directed viewers to video descriptions, blogs, and off-platform materials where such location information could be found.

29. The written request quoted or summarized the applicable YouTube policy prohibiting the posting of non-public personally identifiable information, such as home addresses, to direct abusive attention or traffic toward a person.

30. The written request asked Google to review the identified videos, remove any content disclosing or directing users to private residential or workplace location information, remove links in descriptions or metadata containing such information, consider appropriate enforcement under the Community Guidelines, and evaluate whether broader channel-level review was warranted, including whether the continued operation of the channel and related search visibility should be restricted due to repeated doxxing and harassment conduct.

31. Google had actual notice of the identity of the affected persons, the nature of the doxxing concern, the representative timestamps, the private-location information involved, the specific danger created by directing viewers to physically visit Ashley McCullah's workplace, and the requested corrective action.

32. Despite actual notice, Google failed or refused to timely remove, disable, de-index, de-link, restrict, or otherwise remediate the subject videos, descriptions, metadata, links,

6

search results, channel materials, playlist materials, websites, and related materials that disclosed or directed viewers to private location information, encouraged in-person confrontation, or caused De Hek-created materials about Plaintiffs to remain publicly discoverable through Google Search and YouTube.

33. Google's continued operation of the YouTube platform and Google Search in relation to the subject materials, including the continued hosting, display, indexing, linking, searchability, recommendation, channel organization, playlist organization, search-result presentation, and monetization of the videos and related materials after actual notice, increased the risk of harm to Plaintiffs.

34. Plaintiffs have suffered damages, including but not limited to fear, emotional distress, loss of privacy, disruption to personal and business affairs, safety concerns, reputational harm, expenses associated with investigating and responding to the doxxing conduct, and other damages to be proven at trial.

35. Google's conduct is ongoing or capable of repetition unless restrained by this Court.

36. Plaintiffs have requested that Google remove from Google-controlled search and platform presentation all De Hek-created materials concerning Plaintiffs that are part of the same doxxing, harassment, private-location disclosure, and audience-mobilization campaign, including YouTube videos, channel pages, playlist pages, websites, and search-result entries.

37. Plaintiffs have further requested that Google delete, terminate, suspend, or restrict the subject YouTube channel, or alternatively remove all videos concerning Plaintiffs from that channel, because the repeated nature of the conduct demonstrates that isolated video-level removal is inadequate to prevent recurrence.

7

38. Plaintiffs have further requested that Google prohibit De Hek from using YouTube to make future videos about Plaintiffs to the extent such videos disclose or direct viewers to private location information, encourage harassment or physical confrontation, impersonate Plaintiffs, or continue the same targeted doxxing and harassment campaign.

39. Plaintiffs have further requested that Google ensure that De Hek-created websites, YouTube videos, channel materials, and related materials about Plaintiffs do not appear in Google Search results where those materials disclose or direct users to private location information, encourage confrontation or harassment, or perpetuate the same doxxing and harassment campaign.

40. Plaintiffs acknowledge that a Court order restraining future speech must be narrowly tailored. Plaintiffs therefore request the broadest relief the law permits, including channel-level enforcement, video removal, de-indexing, de-linking, search suppression, and future-upload restrictions limited to unlawful or policy-violating doxxing, harassment, private-location disclosure, impersonation, threats, or targeted audience-mobilization conduct.

## COUNT I - BREACH OF CONTRACT / INTENDED THIRD-PARTY BENEFICIARY / SPECIFIC PERFORMANCE

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

41. Google and YouTube creators, including De Hek, entered into binding contractual terms governing use of the YouTube platform, including Terms of Service, Community Guidelines, harassment policies, privacy policies, and doxxing-related policies.

42. Those contractual terms and incorporated policies prohibit creators from using YouTube to post, link to, direct viewers to, or mobilize viewers around private location information for the purpose or effect of abusive attention, harassment, or physical confrontation.

8

43. The anti-doxxing, harassment, and privacy provisions of Google's YouTube policies are intended to protect identifiable individuals whose non-public personal or location information is posted, linked, or used to direct abusive attention toward them.

44. Plaintiffs, and particularly Ashley McCullah, are members of the class of persons for whose direct protection the anti-doxxing, harassment, and privacy provisions were adopted.

45. Plaintiffs are therefore intended third-party beneficiaries of those provisions, or, alternatively, are entitled to enforce those provisions to the extent necessary to obtain specific performance or injunctive relief preventing continued disclosure and mobilization of private location information.

46. De Hek's publication of the subject videos, descriptions, links, metadata, and related materials violated the contractual no-doxxing, anti-harassment, and privacy provisions of the YouTube Terms of Service and Community Guidelines.

47. Google breached its own contractual obligations, including its obligations to administer and enforce the YouTube Terms of Service and incorporated safety policies in good faith, by failing or refusing to remove, disable, restrict, or otherwise remedy the subject private-location disclosures after actual notice.

48. Google's breach caused Plaintiffs to suffer damages and exposed them to continuing risk of harassment, unwanted contact, physical confrontation, and emotional distress.

49. Money damages alone are inadequate because the ongoing display, linking, and mobilization of private location information creates continuing privacy and safety harms that cannot be fully remedied after the fact.

50. Plaintiffs are entitled to damages, specific performance, and temporary, preliminary, and permanent injunctive relief requiring Google to remove, disable, de-index, de-

9

link, or otherwise restrict access to the subject videos, descriptions, metadata, links, channel materials, playlist materials, websites, and search results to the extent they disclose or direct users to private location information, encourage physical confrontation of Plaintiffs, or constitute De Hek-created materials about Plaintiffs that continue the same doxxing and harassment campaign.

COUNT II - PROMISSORY ESTOPPEL

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

51.     Google made clear representations and promises to YouTube users, creators, targets of harassment, and the public that YouTube is governed by Community Guidelines and safety policies prohibiting doxxing, harassment, and posting private location information to direct abusive attention or traffic toward identifiable persons.

52.     Google further created and maintained procedures for reporting content that violates those policies, thereby inviting affected persons to report doxxing and harassment and to provide evidence for Google's review.

53.     Google knew or reasonably should have known that persons whose private location information was posted or linked through YouTube would rely on those representations, promises, and reporting procedures when seeking safety-related relief from the platform.

54.     Plaintiffs reasonably relied on Google's policies, promises, and reporting procedures by preparing and submitting a formal written request identifying the applicable policy violations, representative timestamps, and requested remedial action.

55.     Plaintiffs' reliance was foreseeable and reasonable because Google exclusively controls the YouTube and Google Search mechanisms necessary to remove, disable, age-restrict, de-index, de-link, de-monetize, redact descriptions, remove external links, restrict channel

privileges, terminate channels, suppress search-result display, or otherwise restrict the subject materials.

56. Google failed to act consistently with its promises and representations after receiving actual notice of content that fell within the policies Google represented were designed to prevent doxxing and abusive audience mobilization.

57. Injustice can be avoided only by enforcing Google's promises and representations to the extent necessary to require targeted removal, disabling, de-indexing, de-linking, channel-level enforcement, and search-result suppression of private-location disclosures, related audience-mobilization materials, and De Hek-created materials about Plaintiffs that perpetuate the same doxxing and harassment campaign, together with damages caused by Google's failure to act after notice.

## COUNT III - NEGLIGENT UNDERTAKING

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

58. Google voluntarily undertook to provide safety-related services, review functions, enforcement policies, and reporting mechanisms intended to protect persons targeted by YouTube content that discloses private information, facilitates doxxing, or directs abusive attention toward identifiable individuals.

59. Google's undertaking included creating, publishing, administering, and enforcing policies against harassment, cyberbullying, doxxing, and disclosure of non-public personal information, as well as receiving and evaluating reports from affected persons and their counsel.

60. Plaintiffs are within the class of persons Google's undertaking was designed to protect because the subject policies exist to protect individuals whose private location information is used to direct abusive attention, traffic, harassment, or physical confrontation toward them.

61.    Having voluntarily undertaken those safety-related functions, Google owed Plaintiffs a duty to exercise ordinary care in performing that undertaking after receiving actual notice of specific doxxing content, representative timestamps, the affected persons, and the foreseeable risk of physical confrontation.

62.    Google breached that duty by failing to timely and reasonably review, remove, disable, redact, de-index, de-link, restrict, terminate, suspend, or otherwise remediate the subject YouTube videos, descriptions, metadata, links, channel materials, playlist materials, search results, websites, and related materials after receiving actual notice.

63.    Google's breach increased the risk of harm to Plaintiffs because Google continued to make the subject materials available through YouTube's and Google Search's platform tools, including video hosting, descriptions, external links, channel organization, playlist organization, searchability, discoverability, indexing, search-result presentation, and other platform features under Google's control.

64.    Plaintiffs reasonably relied on Google's undertaking and reporting mechanisms by submitting a detailed formal request and providing information necessary for Google to identify and remediate the doxxing and audience-mobilization conduct.

65.    As a direct and proximate result of Google's negligent undertaking, Plaintiffs suffered and continue to suffer damages, including fear, emotional distress, loss of privacy, safety-related disruption, investigation and mitigation costs, and other damages to be proven at trial.

Electronically Filed - Greene - May 13, 2026 - 01:00 PM

COUNT IV - DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

66. An actual, present, and justiciable controversy exists between Plaintiffs and Google concerning Google's obligations, after actual notice, to remove, disable, de-index, de-link, suppress from Google Search results, or otherwise restrict access to YouTube and Google-indexed materials that disclose, link to, or direct viewers to private location information and encourage physical confrontation or harassment of Plaintiffs.

67. Plaintiffs contend that the subject videos, descriptions, metadata, links, channel materials, playlist materials, websites, Google Search results, and related materials violate Google's YouTube Terms of Service, Community Guidelines, harassment policies, privacy policies, and doxxing-related policies, and that Google must remove, disable, de-index, de-link, or otherwise restrict access to those materials to the extent they disclose or direct users to private location information, encourage physical confrontation, or perpetuate De Hek-created doxxing and harassment materials about Plaintiffs.

68. Google has failed or refused to provide the requested relief, thereby creating a continuing controversy requiring judicial resolution.

69. Plaintiffs request a declaration that the identified private-location disclosures, links, descriptions, metadata, search results, websites, channel materials, playlist materials, and audience-mobilization statements violate the applicable YouTube anti-doxxing, harassment, and privacy policies and that Google's failure to act after actual notice violates Google's obligations to Plaintiffs under the theories pleaded herein.

70. Plaintiffs further request temporary, preliminary, and permanent injunctive relief requiring Google, to the extent lawful and within Google's control, to: (a) remove, disable,

13

restrict, or otherwise prevent public access to De Hek's YouTube videos, descriptions, links, metadata, channel materials, playlist materials, and related platform materials concerning Plaintiffs; (b) delete, terminate, or suspend the subject YouTube channel, or alternatively remove all videos concerning Plaintiffs; (c) prohibit De Hek from using YouTube to upload or publish additional videos about Plaintiffs that disclose or direct users to private location information, encourage confrontation or harassment, or continue the same doxxing campaign; and (d) de-index, de-link, suppress, or otherwise prevent from appearing in Google Search results the subject YouTube videos, related websites, and De Hek-created materials about Plaintiffs that disclose or direct users to private location information or perpetuate the doxxing and harassment campaign.

72.     Plaintiffs also request an injunction requiring Google to preserve relevant evidence, including videos, descriptions, metadata, reports, internal review records, takedown communications, monetization records, recommendation/distribution data, search-indexing records, search-result records, channel-enforcement records, and communications concerning the subject channel, videos, websites, search results, and demand letter.

72.     Plaintiffs do not request an injunction prohibiting lawful criticism, commentary, opinion, or reporting that does not disclose or direct viewers to private location information, does not encourage physical confrontation, harassment, or abusive audience mobilization, and does not violate the specific platform safety policies and undertakings pleaded herein. Plaintiffs acknowledge that any order restricting future uploads should be narrowly tailored to unlawful or policy-violating doxxing, harassment, private-location disclosure, impersonation, threats, or targeted audience-mobilization conduct.

73. Plaintiffs lack an adequate remedy at law because private-location disclosures, search-indexed doxxing materials, and instructions to physically confront or follow a person create ongoing privacy and safety harms that cannot be fully compensated by money damages alone.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Stephen McCullah and Ashley McCullah respectfully pray that this Court enter judgment in their favor and against Defendant Google LLC d/b/a YouTube and award the following relief: A. Temporary, preliminary, and permanent injunctive relief requiring Google, to the extent lawful and within Google's control, to remove, disable, restrict, redact, de-index, de-link, suppress from Google Search results, or otherwise prevent public access to YouTube videos, descriptions, metadata, external links, channel materials, playlist materials, related websites, search results, and related platform materials that disclose or direct users to Ashley McCullah's private workplace or residential location information, encourage viewers to physically visit, follow, confront, pressure, or harass Plaintiffs, or continue the same De Hek-created doxxing and harassment campaign against Plaintiffs; B. Mandatory injunctive relief requiring Google, to the extent lawful and within Google's control, to delete, terminate, suspend, or restrict the subject YouTube channel, or alternatively to remove all videos concerning Plaintiffs from the channel, and to prohibit future YouTube uploads by De Hek concerning Plaintiffs that disclose or direct users to private location information, encourage physical confrontation or harassment, or otherwise violate Google's anti-doxxing, harassment, cyberbullying, privacy, or community-safety policies; C. Mandatory injunctive relief requiring Google, to the extent lawful and within Google's control, to de-index, de-link, suppress, or otherwise remove from Google Search results the subject YouTube videos, related websites, and

De Hek-created materials concerning Plaintiffs that disclose or direct users to private location information, encourage confrontation or harassment, or continue the same doxxing and harassment campaign; D. A declaration that the subject private-location disclosures, search-indexed materials, channel materials, and audience-mobilization materials violate Google's applicable YouTube anti-doxxing, harassment, cyberbullying, privacy, and community-safety policies; E. Specific performance or equitable enforcement of Google's own contractual, policy-based, and safety-undertaking obligations to remove, disable, de-index, de-link, suppress, or restrict access to the subject private-location disclosures, search-indexed materials, and related audience-mobilization materials; F. An order requiring Google to preserve all videos, descriptions, links, metadata, complaint records, takedown-review records, internal review records, communications, monetization records, recommendation/distribution records, search-indexing records, search-result records, channel-enforcement records, and other evidence concerning the subject videos, channel, websites, reports, search results, and demand letter; G. Actual damages in an amount to be determined by the jury or Court and believed to exceed $25,000, exclusive of interest and costs; H. Prejudgment and post-judgment interest as allowed by law; I. Costs of this action and attorneys' fees to the extent allowed by contract, statute, equity, or other applicable law; and J. Such other and further relief as the Court deems just and proper.

Electronically Filed - Greene - May 13, 2026 - 01:00 PM

Electronically Filed - Greene - May 13, 2026 - 01:00 PM

JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

THE LAW OFFICE OF CHAD G. MANN, LLC

_____

Chad G. Mann
Missouri Bar No. 70213
901 E. St. Louis St., Suite 705
Springfield, Missouri 65806
Phone: (417) 842-8679
Fax: (417) 322-6062
law@chadgmann.com
ATTORNEY FOR PLAINTIFFS

17

Electronically Filed - Greene - May 13, 2026 - 01:00 PM



Ashley McCullah

VERIFICATION

STATE OF MISSOURI ) 
                      ) ss.
COUNTY OF _____ )

Now on this 8th day of _____ May _____, 2026, before me personally appeared Ashley McCullah, known to be the person who executed the foregoing and acknowledged that the statements contained herein are true to the best of her knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

NOTARY PUBLIC

SUBSCRIBED AND SWORN TO before me this 8th day of _____ May _____, 2026.

```
NANCEE R. ZABEL
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES JULY 13, 2029
GREENE COUNTY
COMMISSION #17451149
```

19

## VERIFICATION

_(signature)_

Stephen McCullah

STATE OF MISSOURI   )
                         ) ss.

COUNTY OF _____  )

Now on this 8th day of _____May_____, 2026, before me personally appeared Stephen McCullah, known to be the person who executed the foregoing and acknowledged that the statements contained herein are true to the best of his knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_(signature)_

NOTARY PUBLIC

SUBSCRIBED AND SWORN TO before me this 8th day of _____May_____, 2026.

NANCEE R. ZABEL
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES JULY 13, 2029
GREENE COUNTY
COMMISSION #17451149

18